IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| **BRENDA BAKER,** | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. |
| | ) | |
| v. | ) | |
| | ) | 3:10-cv-62 |
| **GENERAL ELECTRIC CAPITAL** | ) | |
| **CORP. d/b/a GEMB a/k/a GE** | ) | |
| **CONSUMER FINANCE,** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Brenda Baker (hereinafter "Plaintiff"), and files this Complaint against Defendant General Electric Capital Corp., d/b/a GEMB a/k/a GE Consumer Finance (hereinafter "GEMB" or "Defendant") for violations of the federal Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq*. ("FCRA") and for credit defamation, and shows this Honorable Court the following:

## PARTIES, JURISDICTION AND VENUE

1.

Plaintiff is a domiciliary of Georgia and a resident of Walton County.

2.

Plaintiff is a natural person and a "consumer" as defined by 15 U.S.C. § 1681 a(c).

3.

Defendant GEMB is a Delaware foreign corporation with its principal place of business maintained at 777 Long Ridge Road, Stamford, Connecticut 06927.

4.

GEMB is a "furnisher" of consumer information pursuant to 15 U.S.C. § 1681 s-2(b).

5.

GEMB is registered with the Georgia Secretary of State and is authorized to transact business in Georgia.

6.

GEMB is subject to the jurisdiction of this Court pursuant to the Georgia Long Arm Statute, OCGA § 9-10-91, as Defendant transacts business within this state, has committed a tortious act or omission within this state and/or has committed a tortious injury in this state caused by an act or omission outside this state.

7.

GEMB regularly does and solicits business and engages in any other persistent courses of conduct and derives substantial revenue from services rendered in this state.

8.

The events giving rise to this Complaint occurred in Plaintiff's resident county of Walton and, thus, venue is proper in this Court pursuant to the venue provisions of the Georgia Long Arm Statute, OCGA § 9-10-93.

9.

GEMB's registered agent for the purpose of service of complaint and summons within the state of Georgia is CT Corporation Systems, 1201 Peachtree Street NE, Atlanta, Fulton County, Georgia 30361.

10.

This Court has subject matter jurisdiction over this matter pursuant to 15 U.S.C. § 1681p.

## FACTS AS TO PLAINTIFF

11.

Plaintiff incorporates by reference all preceding paragraphs as if fully restated herein and further states as follows:

12.

Plaintiff opened a Lowe's account, financed by Defendant GEMB, in 2006 with an account number ending in 1899 (hereinafter referred to as the "1899 account.")  *See* Exhibit 1 attached hereto.

13.

Plaintiff's husband, Leigh Baker, opened a Lowe's account, financed by Defendant GEMB, in 2005 with an account number ending in 6055 (hereinafter referred to as the "6055 account.")  *See* Exhibit 2 attached hereto.

14.

Upon information and belief, Brenda Baker was at some point prior to August 2009 listed as an authorized user on Leigh Baker's GEMB 6055 account.

15.

Plaintiff's husband, Leigh Baker, filed for Chapter 7 bankruptcy on August 8, 2009 and discharged the 6055 account through bankruptcy on December 2, 2009.

16.

On or about September 1, 2009, Plaintiff began the process of refinancing her home loan, but was told that the Defendant GEMB tradeline had adversely affected her credit score and she was unable to obtain the lowest possible interest rate.

17.

Shortly thereafter, Defendant began attempting to collect the overdue balance on Leigh Baker's 6055 account from Plaintiff and sent its dunning letter in Plaintiff's name.

18.

Plaintiff then contacted Defendant *via* telephone in an attempt to explain to an agent of Defendant that Defendant was attempting to collect on the 6055 account from the incorrect account holder.

19.

Plaintiff informed Defendant or Defendant's agent during that conversation that her husband, the proper account holder of the 6055 account, had discharged said account in bankruptcy.

20.

Plaintiff requested some documentation from Defendant during this same conversation proving that Plaintiff was in any way responsible for the paying the balance on the 6055 account.

21.

Plaintiff received a letter from Defendant on or about September 13, 2009 in which Defendant admits it is no longer in possession of the original application for credit on the 6055 account.  (See Exhibit 3 attached hereto.)

22.

Plaintiff followed up on the status of her dispute with Defendant in a letter dated September 28, 2009 (See Exhibit 4 attached hereto).

23.

Defendant responded to Plaintiff's correspondence in a letter, dated October 8, 2009, which made the claim that the 6055 account was an individual account in the name of Brenda Baker (See Exhibit 5 attached hereto).

24.

Defendant sent Plaintiff a subsequent letter, dated October 9, 2009, confirming that Defendant had "made the necessary changes" to Plaintiff's account and reported said changes to "the major credit reporting agencies" (See Exhibit 6 attached hereto).

25.

Defendant sent Plaintiff another dunning letter on November 3, 2009 alleging that Plaintiff was still behind on payments on the 6055 account (See Exhibit 7 attached hereto).

26.

In separate correspondence from Defendant, also dated November 3, 2009, Defendant requested bankruptcy information from Plaintiff. (See Exhibit 8 attached hereto).

27.

Plaintiff returned the bankruptcy information for her husband, Leigh Baker, to Defendant on or about November 13, 2009 including a letter from Mr. Baker's bankruptcy attorney, William Sotter (See Exhibit 8 attached hereto).

28.

Despite the evidence provided to Defendant of Plaintiff's proper identity and account holdings, Defendant began to intentionally and maliciously report the past due amounts on Leigh Baker's 6055 account to Plaintiff's credit report.

29.

Some time prior to March 1, 2010 Defendant placed the 6055 acccount with a collection agency, Genpact Services, LLC (hereinafter "Genpact").

30.

On or about March 1, 2010, Genpact sent its first dunning letter to Plaintiff (See Exhibit 9 attached hereto).

31.

On or about March 17, 2010, a second collection agency, Professional Bureau of Collections of Maryland, Inc. (hereinafter "PBCM"), also sent Plaintiff a dunning letter (See Exhibit 10 attached hereto).

32.

After receiving said letter, Plaintiff again disputed the debt directly to PBCM *via* telephone.

33.

On or about April 21, 2010 Plaintiff wrote to the TransUnion, Experian and Equifax credit bureaus to dispute the inaccurate information being reported to her credit report by Defendant GEMB and their agents, Genpact and PBCM and provided copies of the correspondence to Defendant (See Exhibit 11 attached hereto).

34.

On or about May 14, 2010 Plaintiff received Equifax's "Results of Reinvestigation" showing that the Defendant had failed to perform a reasonable investigation into Plaintiff's dispute.

35.

Equifax's letter also reported that Defendant had falsely verified that the 6055 account, reporting as charged off and extremely delinquent, belonged to Plaintff.

36.

On or about May 18, 2010 Plaintiff received a letter from Home Depot Credit Services stating that her credit account with them had been closed due to derogatory information in her Equifax credit report (Exhibit 12 attached hereto).

37.

That same month Plaintiff was, indeed, denied credit when attempting to make a purchase with her Home Depot credit card.

38.

Plaintiff's card was subsequently confiscated by the clerk resulting in humiliation and embarrassment for the Plaintiff.

39.

On or about May 21, 2010, a third collection agency, Leading Edge Recovery Solutions (hereinafter "LERS"), sent Plaintiff a dunning letter on the 6055 account (See Exhibit 13 attached hereto).

40.

Plaintiff sent a dispute *via* letter to LERS.

41.

Also on or about May 21, 2010, Plaintiff received the investigation results from TransUnion verifying that Defendant had, again, failed to perform a reasonable investigation of

Plaintiff's dispute and inaccurately verified that the 6055 account belonged to Plaintff, was charged off and reporting extremely delinquent.

42.

On May 28, 2010, Experian sent to Plaintiff a copy of its "Investigation Results" which showed that Defendant had failed to perform a reasonable investigation into Plaintiff's dispute and inaccurately verified that the 6055 account belonged to Plaintff, was charged off and reporting extremely delinquent.

## CAUSES OF ACTION

**COUNT I - VIOLATIONS OF THE FCRA, 15 U.S.C. §§ 1681,** *et seq***.**

43.

Plaintiff incorporates by reference all preceding paragraphs as if fully restated herein and further states as follows:

44.

Defendant willfully violated the following sections of the FCRA in accordance with 15 U.S.C. § 1681n(a).

45.

In the alternative, Defendant negligently violated the following sections of the FCRA in accordance with 15 U.S.C. §1681o(a).

46.

Defendant violated 15 U.S.C. § 1681s-2(b) by failing to conduct a reasonable investigation with respect to the disputed information, by failing to review all relevant information available to Defendant and by failing to update the tradelines as disputed.

47.

Defendant's conduct, action and inaction were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

48.

Defendant's violations caused Plaintiff actual damages in the form of having to pay higher interest rates, higher mortgage payments and in being completely denied credit.

49.

Defendant's violations caused Plaintiff actual damages in the form of emotional distress, embarrassment, and humiliation

50.

As a result of Defendant's violations, Plaintiff is entitled to actual, stautory and punitive damages in addition to attorney's fees and costs.

51.

Plaintiff is entitled to recover costs and attorneys' fees from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n and 1681o.

**COUNT II - CREDIT DEFAMATION**

52.

Plaintiff incorporates by reference all preceding paragraphs as if fully restated herein and further states as follows:

53.

Defendant maliciously communicated false and derogatory information about Plaintiff when they knew or should have known did not belong to Plaintiff.

54.

Defendant's false communications, acts and omissions resulted in defamation of the Plaintiff and harmed her reputation.

55.

Defendant's false communications were the type that would and/or did deter third persons from associating or dealing with Plaintiff.

56.

Defendant's communications were the type that would and/or did injure Plaintiff's character, or subject her to ridicule, contempt, distrust, or would and/or did degrade her in the eyes of another.

57.

Plaintiff has been seriously damaged as a result and is entitled to damages, costs and attorney's fees.

**WHEREFORE**, Plaintiff BRENDA BAKER respectfully prays this Honorable Court for the following:

a)  That Process issue, and that Summons and Complaint be served upon Defendant GEMB in compliance with Georgia law;

b)  That Defendant be held liable for its violations of the Fair Credit Reporting Act;

c)  That Plaintiff be awarded actual damages in accordance with 15 U.S.C. § 1681n(a)(1)(A) or alternatively, 15 U.S.C. § 1681o(a)(1);

d)  That Plaintiff be awarded punitive damages in accordance with 15 U.S.C. § 1681n(a)(2);

e)  That Plaintiff be awarded reasonable attorney's fees in accordance with 15 U.S.C. § 1681n(a)(3) or alternatively,15 U.S.C. § 1681o(a)(2);

f) That Defendant be held liable for actual damages, costs and attorney's fees for its acts of credit defamation against Plaintiff,

g) That Plaintiff be awarded any other legal or equitable relief that this Court deems proper.

Respectfully submitted this 24th day of August, 2010.

**LEWIS, STOLZ, HURT,
FRIERSON & GRAYSON, LLP**

The Camak House
279 Meigs Street
Athens, Georgia 30601
(706) 353-6585
Facsimile (706) 354-1785
jhurt@lewis-stolz.com

 s/ James W. Hurt, Jr. 
James W. Hurt, Jr.
Georgia Bar No. 380104

*Pro Hac Vice Pending*

**CONSUMER JUSTICE CENTER, P.A.**

367 Commerce Court
Vadnais Heights, MN 55127
Telephone: (651)770-9707
Facsimile: (651)704-0907
tlyons@lyonslawfirm.com
tristacjc@aim.com

Thomas J. Lyons, Esq.
Minnesota Bar No. 65699

Trista M. Roy, Esq.
Minnesota Bar No. 0387737

**ATTORNEYS FOR PLAINTIFF**